1  HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
   WILLIAM D. TAYLOR (SBN 51689)
2  JAMES T. CAHALAN (SBN 166961)
   980 Ninth Street, Suite 1500
3  Sacramento, CA 95814
   Telephone:    (916) 442-3333
4  Facsimile:    (916) 442-2348
   jcahalan@hansonbridgett.com
5
   Attorneys for Plaintiff
6  ATLAS DISPOSAL INDUSTRIES, LLC

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ATLAS DISPOSAL INDUSTRIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BFI WASTE SYSTEMS OF NORTH AMERICA, INC.,<br><br>Defendant. | No. 05CV989 MCE KJM<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S RULE 56 MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:  June 19, 2006<br>Time:          9:00 a.m.<br>Courtroom:     3<br>Judge:         Hon. Morrison C. England, Jr.<br>Trial Date:    None set |

Plaintiff ATLAS DISPOSAL INDUSTRIES, LLC, ("Plaintiff"), hereby submits the following undisputed material facts, along with supporting evidence, under Local Rule 56-260(a). By reason of these facts, Plaintiff's motion for partial summary judgment should be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND FACTS

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Atlas operated a materials recovery facility in Sacramento at which mixed recyclables and waste were sorted and certain recyclable materials were recovered and sold. | Declaration of Dave Sikich in Support of Plaintiff's Rule 56 Motion for Partial Summary Judgment ("Sikich Decl."), ¶ 2, filed concurrently herewith. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 2. On March 19, 1999, Atlas and BFI entered into a three-year written "Disposal Services Agreement" ("DSA") wherein Atlas agreed to accept from BFI "source separated and commingled recyclables" for processing. | Sikich Decl., ¶ 3, Exh. A. |

### A. The Initial Action in Sacramento County Superior Court and the Court of Appeal

#### 1. The Superior Court Proceedings and Judgment

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 3. In June 2000, Atlas filed suit against BFI in Sacramento County Superior Court alleging, *inter alia,* that BFI had breached the terms of the DSA during the first year of the contract (the "Initial Action"). | Sikich Decl., ¶ 4. Certified copies of the complaint and answer in the Initial Action are attached as Exhibits A and B to Request for Judicial Notice in Support of Plaintiff's Rule 56 Motion for Partial Summary Judgment ("RJN"), filed concurrently herewith. |
| 4. In its Complaint, Atlas alleged that the terms of the DSA required BFI to deliver a minimum of 26,000 tons of source separated and commingled recyclables during the each year of the three-year contract. | RJN, Exh. A, ¶ 6. |
| 5. Atlas also alleged that BFI had agreed to pay Atlas a $32.50 "tipping fee" per ton of such materials delivered to Atlas in the first year of the DSA. | RJN, Exh. A, ¶ 6. |
| 6. Atlas alleged that BFI breached the DSA in the first year of the contract by, *inter alia,* by failing to deliver the contractual minimum of 26,000 tons of materials. | RJN, Exh. A, ¶ 12. |
| 7. Atlas sought to recover two categories of damages under its contract claim: (1) the loss of the $32.50 tipping fee for each ton that BFI's first year deliveries fell short of the contractual minimum of 26,000 tons; | RJN, Exh. A, ¶ 13 and RJN, Exh. A, ¶¶ 16-22, 26. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| and (2) potential profits from resale of recycled commodities that Atlas had lost in the first year, due to BFI's alleged failure to deliver the minimum amount of source separated commingled recyclables. | |
| 8. Following a bench trial in 2001, the Superior Court took the matter under submission. The Court's decision was entered on June 14, 2002. | RJN, Exhs. C, D. |
| 9. In its decision, the Superior Court found, *inter alia*, that: | |
| (1) The DSA was a valid, enforceable contract; | RJN, Exh. D at 5:22-24 |
| (2) The DSA required BFI to deliver minimum of 26,000 tons per contract year; | RJN, Exh. D at 6:14-18 |
| (3) BFI breached the DSA by failing to meet the minimum tonnage requirement during the first year of the DSA, leaving a 9,729 shortfall in tonnage; | RJN, Exh. D at 10:1-2 |
| (4) Atlas did not commit an anticipatory breach of the DSA; | RJN, Exh. D at pp. 12-18 |
| (5) The parties had agreed to a $32.50 per ton "tipping fee" for commingled commercial loads; | RJN, Exh. D at 21:10-18 |
| (6) Atlas was entitled to recover the "tip fee shortfall" of $316,192.50, calculated based on the tonnage shortfall of 9,729 tons times the $32.50 per ton tipping fee. | RJN, Exh. D at 21:10-18 |
| (7) BFI was not entitled to reduce the amount of the "tipping fee" damages by the amount of tons allegedly "wrongfully rejected by plaintiff," as BFI had failed to meet its burden of providing the number of tons for which it would be entitled to an offset. | RJN, Exh. D at 19:26-20:14 |
| (8) Atlas was not entitled to lost profits it had anticipated from processing and | RJN, Exh. D at pp. 21-26. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| reselling the recycled commodities, because, as a new business, its evidence concerning these anticipated profits was too speculative to meet the legal standard of "reasonable certainty necessary to support an award of such damage." | |
| 10. Atlas was awarded damages of $316,192.50 for lost tipping fees (calculated by multiplying the 9,729 tons in shortfall times the $32.50 tipping fee), plus interest and contractual attorneys' fees. Judgment was entered by the Superior Court on September 4, 2002. | RJN, Exh. E. |

2.   The Court of Appeal Proceedings and Decision Affirming Judgment in Favor of Atlas

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 11. The Court of Appeal affirmed the trial court's decision in all respects. | RJN, Exh. G. |
| 12. The Court considered and rejected BFI's argument that the trial court erred in its calculation of damages:<br><br>    In a nutshell, BFI argues: "Unquestionably, the $316,192 represents the sum that BFI would have paid Atlas to receive and process 9,729 tons of waste, and does not account for the costs at its [materials recovery facility] -- as the company was contractually obligated to do under the [agreement] to fulfill its 80% diversion guarantee to BFI. Because Atlas' processing costs are not included in this measure of damages, the court's award improperly puts Atlas in a better position than the company would have been in had the parties fully performed the contract. The Court's failure to subtract Atlas' | RJN, Exh. G at 14-15 (italics in original). |

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| processing costs from the gross revenues was an error. *See*, Civil Code § 3358." BFI characterizes the court's award as an award of "gross revenues" as opposed to a proper award of "lost profits." <br><br> On a superficial level, BFI's argument seems sound and persuasive. However, BFI overlooks an important aspect of the agreement between the parties. As the court noted, Atlas intended to make a profit by charging BFI a fee for the use of the facility, the $32.50 per ton tipping fee, *and* by selling the recovered recycling materials. To recover the recyclables, Atlas would incur certain processing costs, the costs BFI seeks to offset against the tipping fee damages awarded by the court. | |
| 13. In the Court's view, this distinction between the two types of profits available to Atlas under the DSA (tipping fee charges versus profits from processing and reselling recyclables) was significant, and ultimately led to the Court to hold that BFI was not entitled to offset the tipping fee damages by any cost that Atlas would have incurred in processing the materials received: <br><br> . . . [T]he fact that the amount of damage may not be susceptible of exact proof or may be uncertain, contingent, or difficult to ascertain does not bar recover. Where a defendant, by willful breach of the contract, has given rise to the difficulty in proving the amount of a claimed loss of profits, it is proper to require only that the plaintiff show the amount of damages with reasonable uncertainty and to resolve uncertainties against the defendant. [Citation omitted]. <br><br> Here, the court, after considering all the evidence before it, awarded Atlas the tipping fee it would have received had BFI performed under the agreement. | RJN, Exh. C at 16-17. |

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S RULE 56 MOTION FOR PARTIAL SUMMARY JUDGMENT

- 5 -

38186.1

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Faced with a lack of evidence as to both the revenues Atlas would have generated on the sale of recyclable commodities and the expenses incurred in producing that revenue, the court declined to award lost profits. The same evidentiary vacuum that deprived the court of a basis for awarding lost profits also renders untenable BFI's claim for an offset. Given the evidence, we find the court's award appropriate under the circumstances of the case. | |

**B.   The Present Action**

    **1.   The Complaint**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 14. On March 18, 2005, Atlas filed suit against BFI in Sacramento County Superior Court, alleging a single count of breach of contract for the second and third years of the DSA (the "Present Action"). | Declaration of James T. Cahalan in Support of Plaintiff's Rule 56 Motion for Partial Summary Judgment ("Cahalan Decl."), ¶ 2, Exh. A. |
| 15. The damages sought by Atlas in the Present Action are limited to the lost tipping fees, calculated as the shortfall in tonnage delivered by BFI during the second and third years times the tipping fees applicable to the second and third years ($33.48 per ton and $34.48 per ton, respectively, pursuant to the DSA). | Cahalan Decl., ¶ 2. |
| 16. Under the DSA, the tipping fees are automatically increased 3% in the second and third years of the contract unless the parties agree otherwise. | Sikich Decl., ¶ 6, Exh. A, § 6(b). |

2. **The Answer**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 17. In its answer, BFI alleges, *inter alia*, that: (1) "its execution of the [DSA] was conditioned on the further agreement of the parties that the [DSA] would not be effective until the parties agreed on the terms and prices to be included in Exhibit A to the contract; (2) that the trial court in the initial action "found that Defendant had breached the contract," and ordered BFI to pay damages and attorneys' fees; and that the trial court judgment was affirmed by the Court of Appeal. | Cahalan Decl., Exh. B at 2:17-19 and 3:13-15. |
| 18. In terms of affirmative defenses, BFI alleges, *inter alia*, that the DSA: (1) contains no valid or enforceable obligation by BFI; and (2) that BFI "cannot be charged with any contractual obligations as they have not been executed by the requisite empowered corporate officers." | Cahalan Decl., Exh. B at 8:23-26 and 11:7-12. |
| 19. In responses to discovery, BFI has denied that the DSA constitutes an enforceable contract. | Cahalan Decl., Exh. D at 3:1-5. |
| 20. BFI further contends that the DSA is unenforceable due to: (1) "lack of consideration"; (2) because it is "contrary to public policy"; (3) because it is "unconscionable." | Cahalan Decl., Exh. B at 9:1-16. |

///
///
///
///
///
///

## II. ISSUES IN THE PRESENT ACTION THAT ARE IDENTICAL TO ISSUES THAT WERE ACTUALLY LITIGATED AND NECESSARILY DECIDED IN THE INITIAL ACTION

**A. The Disposal Services Agreement dated March 19, 1999, constitutes an enforceable contract.**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 21. In the Initial Action, Atlas alleged that Atlas and BFI had entered into the DSA. | RJN, Exh. A, ¶ 5. |
| 22. BFI contended at trial that there was no enforceable contract, because the parties failed to reach a complete agreement on the rates for different products listed on Exhibit A of the DSA. | RJN, Exh. D at 3:6:10; 4:19-22. |
| 23. The Superior Court thoroughly considered, and rejected, BFI's contentions at trial, finding that the "'DSA 'is an enforceable contract." | RJN, Exh. D at 3:11-5:24. |

**B. Under the terms of the DSA, BFI was obligated to deliver to Atlas a minimum of 26,000 tons of commingled recyclables for each year of the three-year term of the DSA.**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 24. In the Initial Action, Atlas alleged that under the terms of the DSA, BFI was obligated to deliver not less than 26,000 tons of recyclable materials during each year of the three-year DSA. | RJN, Exh. A, ¶ 6. |
| 25. In its answer, BFI denied this obligation. | RJN, Exh. B, ¶ 5. |
| 26. The Superior Court agreed with Atlas: "Under the plain meaning of [DSA, § 5], defendant had an obligation to deliver a minimum of 26,000 tons per annum." | RJN, Exh. D at 6:5-18. |

C. **Under the terms of the DSA, BFI agreed to pay Atlas a per ton "tipping fee" for commingled commercial loads.**

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 27. In the Initial Action, Atlas alleged that under the terms of the DSA, BFI agreed to pay Atlas $32.50 per ton delivered. | RJN, Exh. A, ¶ 6. |
| 28. BFI challenged this by asserting the parties had failed to reach complete agreement on the rates for different products on Exhibit A to the DSA, and therefore the DSA was unenforceable. | RJN, Exh. D at 3:6-4:22. |
| 29. The Superior Court found that "Here, the 'DSA' is not silent on the issue of price. At section 6(a), the DSA provides for a rate to be paid by defendant of $32.50 per ton for 'all Recyclable Materials that Hauler delivers to Processor . . . .' The rates to be listed in exhibit 'A' are exceptions for specific materials. The agreed price is applicable." | RJN, Exh. D at 4:25-5:3. |
| 30. This conclusion was repeated by the Court later in its decision, when it stated that the "the only agreed fee that is reasonably applicable to [commingled commercial loads] is $32.50. | RJN, Exh. D at 21:10-15. |
| 31. It is undisputed that this tipping fee was to increase to $33.48 and $34.48 for the second and third years of the DSA. | Sikich Decl., ¶ 6. |

D. **The proper measure of damages for every ton that BFI failed to deliver short of the 26,000 ton annual minimum provided under the terms of the DSA is the amount of the lost "tipping fee" times the shortfall in tonnage delivered.**

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 32. In the Initial Action, Atlas sought damages in the form of the contractual "tipping fee" | RJN, Exh. A, ¶ 13. |

STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF PLAINTIFF'S RULE 56 MOTION FOR                - 9 -
PARTIAL SUMMARY JUDGMENT

38186.1

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| of $32.50 per ton times the number of tons that BFI failed to deliver short of the 26,000 ton annual minimum. | |
| 33. The Superior Court agreed: "Based on the shortfall amount of 9729 tons at the rate of $32.50 a ton, plaintiff is entitled to the principal amount of $316,192.50 for the tip fee shortfall." | RJN, Exh. D at 21:10-18, Exh. E. |
| 34. The Court of Appeal affirmed this award. | RJN, Exh. G at pp. 13-17. |

E.  **BFI is not entitled to offset from any "tipping fee" damages award any processing and disposal costs that Atlas might have incurred had the shortfall in materials been delivered.**

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 35. As noted by the Court of Appeal, the Superior Court had found that "Atlas intended to make a profit by charging BFI a fee for the use of the facility, the $32.50 per ton tipping fee, *and* by selling the recovered recycling materials." | RJN, Exh. G at 14. |
| 36. The Court of Appeal found that BFI had failed to prove that it was entitled to an offset of processing costs against the tipping fee damages. | RJN, Exh. G at 16-17. |
| 37. The Court concluded the trial court's award was "appropriate under the circumstances of this case." | RJN, Exh. G at 17. |

///

///

///

### III. IT IS UNDISPUTED THAT THE DECISION IN THE FORMER PROCEEDING IS FINAL AND ON THE MERITS

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 38. The Superior Court afforded both parties a full trial and issued its ruling on the merits on all of the above issues. | RJN, Exhs. C-E. |
| 39. BFI appealed the ruling of the Superior Court to the Third District Court of Appeals, which affirmed the trial court's ruling in all respects. | RJN, Exh. G. |

Respectfully Submitted,

DATED: May 19, 2006

Hanson Bridgett Marcus Vlahos & Rudy, LLP

By: *(signature)*
JAMES T. CAHALAN
Attorneys for Plaintiff
ATLAS DISPOSAL INDUSTRIES, LLC