1 THOMAS M. BRUEN (SB# 63324)
ERIK A. REINERTSON (SB# 218031)
2 LAW OFFICES OF THOMAS M. BRUEN
A Professional Corporation
3 1990 N. California Boulevard, Suite 940
Walnut Creek, CA 94596
4 Telephone:    (925) 295-3131
Facsimile:    (925) 295-3132
5 tbruen@sbcglobal.net

6 Attorneys for Defendant
BFI WASTE SYSTEMS OF NORTH
7 AMERICA, INC.

8 HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
WILLIAM D. TAYLOR (SBN 51689)
9 JAMES T. CAHALAN (SBN 166961)
980 Ninth Street, Suite 1500
10 Sacramento, CA 95814
Telephone:    (916) 442-3333
11 Facsimile:    (916) 442-2348
jcahalan@hansonbridgett.com
12
Attorneys for Plaintiff
13 ATLAS DISPOSAL INDUSTRIES, LLC

14

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17

18 ATLAS DISPOSAL INDUSTRIES, LLC        )    Case No.  2:05-cv-0989 MCE KJM
                                         )
19                    Plaintiff,         )
                                         )
20 v.                                    )    STIPULATION FOR PROTECTIVE
                                         )    ORDER AND ORDER
21 BFI WASTE SYSTEMS OF NORTH            )
   AMERICA, INC.,                        )
22                                       )
                      Defendant.         )
23 _____)

24        Plaintiff ATLAS DISPOSAL INDUSTRIES, LLC and Defendant BFI WASTE SYSTEMS

25 OF NORTH AMERICA, INC., by and through their respective undersigned counsel,  hereby enter

26 into this Stipulation for Protective Order as follows:

27 ///

28 ///

STIPULATION FOR PROTECTIVE
ORDER AND ORDER                          1

RECITALS

WHEREAS, Defendant has propounded to Plaintiff requests for the production of documents and things, requesting various documents and financial information of the Defendant, and may propound additional requests for the production of documents and other written discovery; and

WHEREAS, Plaintiff has raised various objections to producing the requested documents and information; and

WHEREAS, Plaintiff's Counsel and Defendant's Counsel "met-and-conferred" regarding the production of the requested documents and information; and

WHEREAS, Plaintiff contends that said documents and information contain confidential trade secret and proprietary information of the Defendant relative to its business in the solid waste industry; and

WHEREAS, Plaintiff is willing to allow Defendant's Counsel (including such counsel's employees), Defendant's retained consultants/expert witnesses, Allied Waste Industries' in house legal counsel and Defendant's designated employees, Mike Caprio and Jerry Mayberry, to receive and review the requested documents and financial information, subject to the terms of this Stipulation and Order; and

NOW, THEREFORE, Plaintiff, Defendant and their respective Counsel (hereinafter referred to collectively as "the Parties") stipulate and agree as follows:

**1.     Protection of Confidential Information.**

The Parties hereby acknowledge, understand and agree that all Confidential Information as described in Section 2, is claimed by Plaintiff to be of a confidential and proprietary nature, and shall be at all times be regarded, treated and strictly protected as Confidential Information in accordance with this Stipulation and Order by Defendant's Counsel, Defendant, and any consultants, experts and employees of Defendant's Counsel receiving any of such Confidential Information, unless otherwise stipulated by counsel or ordered by the Court.

///

///

///

STIPULATION FOR PROTECTIVE
ORDER AND ORDER                                        2

1   **2.      Definition of Confidential Information.**

2       "Confidential Information" shall mean any and all documents and information marked or

3   otherwise clearly designated (including a designation on the record at a deposition) by Plaintiff's

4   Counsel as confidential at or about the time such documents and/or information are produced or

5   disclosed to Defendant's Counsel.  Documents and things may be designated as "Confidential

6   Information" by marking or stamping them with the word "Confidential." "Confidential

7   Information" shall include copies of any documents designated or marked as "Confidential," the

8   contents of any such documents, and information directly derived from such Confidential

9   Information.  Plaintiff's  Counsel shall act in good faith when designating such documents and things

10  as "Confidential."

11  **3.      Covenants of Defendant's Counsel, Defendant and Its Experts.**

12      Defendant's  Counsel, and any expert consultants, witnesses and employees of Defendant and

13  Defendant's Counsel permitted to have access to Confidential Information pursuant to this

14  Stipulation and Order, acknowledge that the documents and information provided by Plaintiff

15  pursuant to this Stipulation shall be kept in strict confidence, as defined herein, in accordance with

16  the terms of this Stipulation.  Without limiting the generality of the foregoing:

17          A.      <u>No Disclosure of Confidential Information</u>.  Except as provided herein, neither

18  Defendant, Defendant's Counsel, or any expert consultants, witnesses and employees of Defendant's

19  Counsel or any other person permitted to have access to Confidential Information pursuant to this

20  Stipulation and Order, will disclose any Confidential Information to any other person or entity (other

21  than the above categories of persons bound by this Stipulation and Order) without first obtaining

22  Plaintiff's Counsel's prior written consent; provided, however, that Defendant's counsel and

23  Defendant may disclose Confidential Information without such consent to court reporters at

24  depositions in this litigation, to the Court, to any jury hearing this action, and to court personnel, in

25  pleadings, papers, correspondence and oral argument submitted to the Court or used in connection

26  with this litigation.

27  ///

28  ///

STIPULATION FOR PROTECTIVE
ORDER AND ORDER                         3

1 | Defendant, Defendant's  Counsel and any expert consultants, witnesses and employees of

2 | Defendant's Counsel or any other person permitted to have access to Confidential Information

3 | pursuant to this Stipulation and Order will take all reasonable precautions to prevent the inadvertent

4 | disclosure of such Confidential Information.  Such precautions will include, but are not limited to,

5 | appropriate instructions to Defendant's  Counsel's support staff to comply with the terms and

6 | provisions of this Stipulation and Order.

7 |        B. <u>Procedure for Authorized Disclosure.</u>  Except as provided in the prior paragraph

8 | with respect to court reporters and court proceedings, if Defendant's Counsel desire to provide any

9 | Confidential Information to any person other Defendant's Counsel's support staff, Mike Caprio,

10 | Jerry Mayberry, Everett Harry and personnel of Harry & Torchiana (Defendant's current expert

11 | consultants), or Allied Waste Industries' in house legal counsel, they shall, at least five (5) full

12 | business days before providing such Confidential Information to said person: (1) deliver a written

13 | notice (by facsimile or overnight express delivery) to Plaintiff's Counsel, stating the name, address

14 | and business affiliation of the person; and (2) provide to such person a copy of this Stipulation and

15 | Order along with a written notice that such person or entity is subject to all the terms of this

16 | Stipulation and Order, to the same extent as Defendant's Counsel, obtain such person's signature on

17 | a form of acknowledgment stating the following

18 |     "The undersigned has received, read and is familiar with the Stipulation and Order re Confidential Information entered in the case

19 |     of <u>Atlas Disposal Industries, LLC v. Browning-Ferris Industries of North America, Inc</u>, United States District Court, Case No.

20 |     No.05CV989 MCE KJM ("the Litigation"), and agrees to be bound by all of its terms and provisions.  The undersigned agrees to keep

21 |     confidential all Confidential Information, including any documents or information designated or marked as "Confidential," and not to

22 |     disclose such Confidential Information to other persons or use such Confidential Information for any purpose other than as necessary for

23 |     the Litigation, except as permitted by Plaintiff's Counsel or the Court."

24 | and provide such signed acknowledgment and Stipulation and Order to Plaintiff's Counsel.

25 |   If Plaintiff's Counsel does not object in writing in advance of said disclosure, Defendant's

26 | Counsel may proceed with the disclosure of Confidential Information to said person in accordance

27 | with the terms and provisions of this Stipulation and Order.

28 | ///

1   If Plaintiff's Counsel does object in writing to said disclosure, Defendant's Counsel shall not make

2   the disclosure, pending an Order of the Court authorizing such disclosure; provided, however, that

3   the Plaintiff must file a motion with the Court within ten (10) business days after serving its

4   objection on Defendant's Counsel to enforce the objection.  Plaintiff's Counsel shall not

5   unreasonably withhold their consent to the proposed disclosure to a third party for purposes of this

6   litigation. Plaintiff shall have the burden of proving that the Confidential Information is confidential

7   information of the Plaintiff and that the Defendant would be harmed or prejudiced by the disclosure

8   of such Confidential Information to the person proposed by Defendant's Counsel.  If the Plaintiff

9   does not file a motion within the ten (10) day time limit specified above, Plaintiff's objection to such

10  disclosure shall be deemed waived.  The Parties acknowledge that the purpose of this provision is to

11  prevent the disclosure of Confidential Information to persons, such as competitors of Plaintiff or

12  their advisors, who may be in a position to use such Confidential Information adversely to the

13  Plaintiff.

14          C.    Disclosure to Court Reporters.   If Defendant's Counsel wishes to examine any

15  witness regarding Confidential Information during a deposition, Plaintiff's Counsel may request that

16  all questions and answer regarding such information be separately transcribed and placed in a

17  separate deposition booklet, which shall itself be treated as Confidential Information pursuant to this

18  Stipulation and Order.  All exhibits containing Confidential Information shall be appended to such

19  separate deposition booklet.

20          **4.    No Use of Information for Purposes Other than this Civil Action.**

21          Any Confidential Information provided by Plaintiff pursuant to this Stipulation and Order

22  shall not be used by Defendant's Counsel, Defendant or any other person receiving Confidential

23  Information pursuant to this Stipulation and Order for any purpose whatsoever other than for the

24  representation of Defendant in this Civil Action, Atlas Disposal Industries, Inc. v. Browning-Ferris

25  Industries of North America, Inc., United States District Court for the Eastern District of California,

26  Case No.05CV989 MCE KJM.

27  ///

28  ///

STIPULATION FOR PROTECTIVE
ORDER AND ORDER                    5

**5.    Return of Confidential Information.**

At the conclusion of the trial of this action, or, if there is a settlement or other disposition, upon such settlement or other disposition of this action, Defendant's Counsel, Defendant and any other person receiving Confidential Information shall return or destroy all Confidential Information and all copies thereof, and all notes or other versions or summaries of the Confidential Information, to Plaintiff's Counsel within 30 days of the written demand for same by Plaintiff's Counsel. Attorneys notes or other privileged documentation containing such information need not be given to Plaintiff's Counsel but shall be destroyed within this same time period.

**6.    Non-Waiver of Rights.**

The designation of any document as "confidential" is not an admission by Defendant or Defendant's Counsel that such document is confidential, but only that such information shall be treated as confidential under the provisions of this Stipulation and Order. Defendant does not waive the right to contest whether any confidential information is in fact "confidential" by treating it as such, and failure by Defendant or Defendant's Counsel to challenge the designation shall not in and of itself be a waiver of the right to challenge the designation.

**7.    Injunctive Relief.**

It is hereby understood and agreed that damages shall be an inadequate remedy in the event of a breach by Defendant's Counsel or Defendant of any of said covenants and that any such breach may cause Plaintiff great and irreparable injury and damage. Accordingly, Defendant's Counsel and Defendant each agree that Plaintiff shall be entitled, without waiving any additional rights or remedies otherwise available to it at law or in equity or by statute, to injunctive and other equitable relief in the event of a breach or intended or threatened breach of any of said covenants.

**8.    Miscellaneous.**

a.    <u>Governing Law</u>. This Stipulation will be governed and construed in accordance with the laws of the State of California. Any suit brought hereon shall be brought in the state or federal courts in California.

///

///

STIPULATION FOR PROTECTIVE
ORDER AND ORDER                                6

1          b.        Severability.  In case any one or more of the provisions contained herein shall,

2    for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality

3    or unenforceability shall not affect any other provision of this Stipulation, and this Stipulation shall

4    be construed as if such provision(s) had never been contained herein, provided that such provision(s)

5    shall be curtailed, limited or eliminated only to the extent necessary to remove the invalidity,

6    illegality or unenforceability.

7          c.        Waiver.  No waiver by Plaintiff's Counsel or Plaintiff of any breach of any of

8    the provisions of this Stipulation shall be deemed a waiver of any proceeding or succeeding breach

9    of the same or any other provisions hereof.  No such waiver shall be effective unless in writing and

10   then only to the extent expressly set forth in writing.

11         d.        Entire Agreement.  This Stipulation constitutes the entire agreement of the

12   Parties with respect to Defendant's Counsel's and Defendant's  confidentiality and non-disclosure

13   obligations.

14         e.        Binding Effect.  This Stipulation and Order shall be binding upon the Parties,

15   and each of their respective successors, assigns, and heirs; provided, however, that nothing herein

16   shall be construed as limiting the manner or extent to which Plaintiff may disclose such Confidential

17   Information in the course of their business.

18         f.        Modification and Scope.  This Stipulation and Order may be amended by

19   agreement of counsel for the parties in the form of a written stipulation filed with the Court and

20   subject to the Court's approval.  This Stipulation and Order is without prejudice to the rights of any

21   party to apply to this Court for relief from any of its provisions or to seek or agree to different or

22   additional protection for any particular discovery material.  This Stipulation and Order applies only

23   to material obtained in this action and not to material obtained through sources other than the

24   Plaintiff.  Nothing will prevent disclosure of any designated Confidential Information if Defendant

25   already had the material properly in their possession or obtained it through public sources or

26   knowledge.

27   ///

28   ///

STIPULATION FOR PROTECTIVE
ORDER AND ORDER                                        7

1           g.     <u>Approval by Court</u>.  If for any reason this Stipulation and Order is not

2    approved by the Court, this Stipulation shall still be effective as a binding contractual commitment

3    between the Parties and shall remain enforceable at law and in equity as provided herein.

4           h.     <u>Non-admissibility</u>.  This Stipulation and Order and its contents shall not be

5    admissible for any purpose other than for the limited purpose of enforcing this Stipulation and Order

6    in the event of a breach of threatened breach of  its terms or provisions, and shall not be admissible

7    to prove any factual or legal contention of either party with respect to the allegations of the complaint

8    or the answer.

9    DATED: November ___, 2006.         LAW OFFICES OF THOMAS M. BRUEN
                                         A Professional Corporation

10

11                                          By:_____
                                            Thomas M. Bruen

12                                          Attorneys for Defendant
                                       BFI WASTE SYSTEMS OF NORTH

13                                          AMERICA, INC.

14

    DATED:  November ___, 2006       HANSON BRIDGETT MARCUS VLAHOS &
15                                          RUDY, LLP

16                                          By:_____
                                            James T. Cahalan, Esq.

17                                          Attorneys for Plaintiff
                                       ATLAS DISPOSAL INDUSTRIES, LLC

18

19                                       <u>ORDER</u>

20

      Good cause appearing therefor,
21
      IT IS SO ORDERED.
22

23   DATED:  November 30, 2006

24

25

26                                           _____
                                      MORRISON C. ENGLAND, JR

27                                         UNITED STATES DISTRICT JUDGE

28

STIPULATION FOR PROTECTIVE
ORDER AND ORDER                     8